UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARK E. GARST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-cv-3141-CRL-DJQ |
| CITY OF VIRDEN and HAROLD GIST, | ) ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Mark E. Garst's ("Garst") Motion to Request Counsel (Doc. 21). Judge Lawless has referred the Motion here for recommendation. See 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). For the reasons set forth below, the Court recommends that the Motion be DENIED.

**I.      Procedural Background**

On June 4, 2024, Garst filed a 42 U.S.C. § 1983 action against the City of Virden ("City of Virden") and Virden Police Officer Harold Gist ("Gist"). The matter arises from an alleged incident that occurred during a "traffic stop" Gist conducted on Garst in June 2022. Garst alleges that while riding a bicycle, he was struck by a City of Virden Police vehicle operated by Gist. (Doc. 1, ¶¶7-12). Garst further alleges he was then "unlawfully searched, unlawfully detained and/or falsely arrested." *Id*. at ¶¶ 14-33. According to Defendants, the matter was originally filed *pro se* by Garst in Illinois State Court. *Garst v. City of Virden*, et. al., 22-LM-36 (Macoupin Co.) (Doc. 15, p. 3). Thereafter, the state court

file shows Attorney Adams entered his appearance on September 16, 2022, and filed a stipulation of dismissal without prejudice that same day. *Id.* Attorney Adams then continue to represent Garst at the time the Complaint was filed in this case.

On October 18, 2024, after an agreed scheduling order had been entered, Attorney Adams moved to withdraw "due to an irretrievable breakdown of the attorney-client relationship." (Doc. 9, p. 1). As of October 18, 2024, in both state and federal court, Attorney Adams had represented Garst for over two years on essentially the same matter. After the motion to withdraw was filed, the Court learned Garst was in the Illinois Department of Corrections. On November 22, 2024, the Court conducted a hearing on the motion to withdraw with Garst, Attorney Adams, and Defense counsel all participating by video. After hearing from all parties, the Court granted Attorney Adams' motion and gave Garst twenty-one (21) days to find substitute counsel. (Nov. 22, 2024 Order).

Garst next filed, and was granted, a motion for extension of time to find counsel on December 16, 2024. Since that December Order, Garst has repeatedly failed to respond to Defendants' motions for discovery, resulting in Defendants filing multiple motions to compel. (Docs. 13 & 15). Defendants also filed a motion to dismiss, (Doc. 16), that Garst has not yet responded to. Instead, on April 30, 2025, Garst filed a motion for judgment. (Doc. 18). In the motion, Garst states:

> I, Mark Garst, come before this court asking for a motion for judgement in favor of the plaintiff for all said complaints filed with this case #24-3141. As well as judgement for pain suffering to be awarded in the full maximum amount allowed by law and for the wrongful arrest to be reversed and the criminal case and all charges to be dismissed for wrongful search and seizure and excessive police force

> causing myself, Mark Garst, to remain in custody with a crushed foot that required surgery. Due to the injuries caused by these events, I have a bone staple in my right foot, and I am still awaiting surgery for my spinal fusion. I need compensation for all injuries stated above as they are recorded in my medical records located at Jacksonville Correctional Center and Memorial Hospital in Springfield, IL. All requests and compensations are fully documented with Jarrett Adams Law Office and SIU Med Baylis Building in Springfield, IL Thank you for your time and cooperation in these matters.

(Doc. 18).

The first motion to compel, (Doc. 13), was denied and the parties were ordered to meet and confer. (Mar. 17, 2025 Order). Thereafter, Defense Counsel filed a renewed motion to compel. (Doc. 15). Because Garst had not responded to the motions to compel and clearly had not complied with his discovery obligations, on May 15, 2025, this Court Granted the motion to compel and ordered Garst to respond to the discovery requests within twenty-one (21) days. (May 15, 2025 Order). That same day, likely unaware of the Court's Order, Garst filed a Motion to Request Counsel, (Doc. 21), with attachments showing he contacted two attorneys seeking representation.

**II.   Analysis**

The law is clear a district court does not possess the authority to require an attorney to accept *pro bono* appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that a court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). In assessing a motion for appointment of

counsel, a court must determine whether plaintiff has made reasonable efforts to find counsel. *Pruitt*, 503 F.3d at 655. Here, Garst reached out to two attorneys. (Doc. 21).

The Court must also determine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id*. "[T]he district court must consider both halves of this equation—the difficulty of the case and the competence of the litigant." *Bracey v. Grondin*, 712 F.3d 1012, 1016-17 (7th Cir. 2013). Relevant factors as to competency include, but are not limited to, a plaintiff's literacy, education, litigation experience, communication skills, psychological history, intellectual capacity, physical and mental health, and ability to conduct discovery. *Id*. n. 3, citing *Pruitt*, 503 F.3d at 655. The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). Because finding an attorney willing to take these types of cases is difficult, a court searches for *pro bono* counsel only when a plaintiff truly does not appear to be able to proceed *pro se* on his claims. The fact an attorney would do a better job is not the test, otherwise nearly all *pro se* civil plaintiffs would be entitled to *pro bono* counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

Here, Garst's *pro se* filings are reasonably articulate. Moreover, Garst had the benefit of Counsel for over two years and Counsel drafted the Complaint. Garst also has a history of being a frequent litigator. *See e.g., Garst v. Vail*, 2022 LM 41 (Macoupin Co.) (*pro se*), *Garst v. Macoupin Co. Jail*, 2022 LM 42 (Macoupin Co.) (filed *pro se*; removed to federal court, *Garst v. Macoupin County Jail* l, 22-cv 1291 and dismissed without prejudice

after Attorney Adams entered his appearance); and *Garst v. Dambacher*, et. al., 25-cv-3048 (*pro se* and motion for counsel denied on February 24, 2025, Doc. 3). Garst is a high school graduate. (Doc. 21). The Court finds he is reasonably competent and that the case does not seem overly complex.

Another factor a court may consider in ruling on a motion for recruitment of counsel is the strength or weakness of the underlying claims. *Watts v. Kidman*, 42 F.4th 755, 758 (7th Cir. 2022). Thus, the Court is permitted to make an assessment of a plaintiff's prospect of prevailing. *Id.* As noted in *Watts*, legal time is scarce, and diverting legal resources to weak claims reduces the likelihood that other litigants will receive legal resources. *Id.* at 763. Here, Garst proffers few facts to support his claims. Garst was arrested and subsequently convicted in state court for drug possession with intent to distribute. *People v. Garst*, 2022 CF 169 (Macoupin Co.). Therefore, the part of his claim seeking redress for false arrest and associated theories is highly unlikely to prevail. The excessive force allegations are less clearly without merit at this stage. However, it is worth re-stating that Garst was represented by an attorney for two years and is capable of responding to discovery requests.

### III.    Conclusion

When all the applicable factors are considered, it is recommended that Plaintiff's Motion to Request Counsel, (Doc. 21), be DENIED. Pursuant to Fed. R. 72(b)(2), if either Party objects to this order, it must serve and file objections with Judge Lawless within fourteen (14) days after being served with the Order.  Importantly, Plaintiff must

5

also understand that any objection he has to this Order is not a substitute for his required responses to the outstanding discovery and motion to dismiss.

ENTERED: June 5, 2025.

                                                  s/DOUGLAS J. QUIVEY
                                UNITED STATES MAGISTRATE JUDGE